UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MISAEL NUNEZ MARQUEZ,**
**(Tarrant No. 0929781),**

                Plaintiff,

v.                                                                        No. 4:23-cv-807-P

**DANIEL B. SMITH, ET AL.,**

                Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court for review of *pro se* inmate Misael Nunez Marquez ("Marquez")'s case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the operative pleadings, the Court finds that Plaintiff's claims under 42 U.S.C. § 1983 must be **DISMISSED with prejudice** under authority of these provisions, but any remaining state law claims will be dismissed without prejudice.

## BACKGROUND

Plaintiff Marquez filed a form civil rights complaint with attachments. ECF No. 1. Marquez remains detained in the Tarrant County Jail. *Id.* at 1. In the complaint, Marquez names as Defendants attorney Daniel B. Smith and Rene Flores, identified as an investigator. *Id.* at 1, 3. Marquez complains that he paid Smith for legal services but that Smith then withdrew from the case. *Id.* at 3. In his statement of claim, he recites that he paid Smith over $13,650 in fees. *Id.* at 4–5. Marquez provided the following allegations (summarized) in his statement of claim:

Plaintiff further asserts that attorney Daniel B. Smith

1

> throughout the court of his hired representation he had intentional wrong acts (omissions) and unlawful actions that are the object of impeding the defendant's case the federal constitutional rights and justice with respect to the following factors:
>
> (A) Refusal to provide competent and diligent representation attorney Smith has presented a frivolous motion to withdraw . . .
>
> (B) Presented erroneous DNA evidence and provided that the same would be used to convict his at trial (combined with other misrepresentations) . . .
>
> (C) Impeded Court access [by] filing an ineffective medial report from a mental health expert filed a frivolous motion in court with result/findings and using erroneous and incorrect information . . .
>
> (D) Sending a letter including false statements for vindictive and retaliation against him for exercising my rights to reject the sate plea offers . . .
>
> (E) Sending a second letter stating that my legal understanding is wrong and made many more false statements . . .
>
> (F) Counsel filed a second motion to withdraw [that is] frivolous using erroneous incorrect information without giving me an opportunity to legally place a hold on our interactions pending the trial court's decision to resolve the alleged conflicts of interest . . ..

ECF No. 1 at 4–7. Although Marquez also named Rene Flores, the only allegation against Flores was the conclusory claim of "complicit conspiracy." *Id.* at 3. Marquez separately filed a more definite statement in which he recounted the above recitations in summary form:

> Plaintiff further asserts that the attorney Daniel B. Smith after having obtained the amount of $13,650 for his legal

> services. Attorney Smith filed two frivolous motions based on his client's limited comprehension of English, letters, and lack of education. He used erroneous and incorrect information to impede communication and blocked due process of his client's constitutional rights. Moreover, counsel Smith made false statement in his letters implicating his client and likewise he used a judge who had no knowledge of the defendant's case to file a second motion to withdraw. As a result of these intentionally unlawful actions, counsel Smith prevented court access and was object of oppression, harassment/incrimination and fraud.

More Definite Statement ("MDS") at 2. Marquez seeks monetary relief of "60,000" and to reopen the case or "other action." ECF No. 1 at 4.

## LEGAL STANDARD

Plaintiff Marquez is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). Because Marquez is proceeding *in forma pauperis*, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28. A complaint fails to state a claim upon which relief may be granted when

3

it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A. Duplicative Lawsuit**

Marquez acknowledges that he filed a prior suit seeking relief under 42 U.S.C. § 1983 against Daniel B. Smith in *Marquez v. Smith*, No. 4:23-CV-026-O (N.D. Tex. June 1, 2023). In that prior case, Marquez asserted the same or similar factual events against the same defendant Daniel B. Smith. *See Marquez v. Smith,* No.4 :23-CV-026-O (Complaint).[1] The Court dismissed all claims under 42 U.S.C. § 1983 against Smith with prejudice because, as a private attorney, he did not act under color of law for purposes of obtaining relief under § 1983. *Id.* (June 1, 2023 Opinion and Order). In that same order, the Court dismissed any claims under state law without prejudice to his right to seek relief in state court. *Id.*

The United States Court of Appeals for the Fifth Circuit has held that ". . . IFP complaints may be dismissed as frivolous pursuant to [former] § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (citations omitted). The Fifth Circuit found no abuse of discretion in a district court's

---

[1] The Court takes judicial notice of the records of this the Northern District of Texas in this prior suit. *See* Fed. R. Evid. 201 (b)(2).

determination that an *in forma pauperis* action similar to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D. Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).

*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (other citations omitted). Furthermore, principles of *res judicata* serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *Mcgill v. Juanita Kraft Postal Service,* No. 03-CV-1113, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *rep. and rec. adopted* 2003 WL 21467745 (N.D. Tex June 18, 2003). A complaint is thus malicious and subject to dismissal under §§ 1915A and 1915(e)(2)(B) "when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *Id.* (quoting *Pittman v. Moore,* 980 F.2d 994, 994-95 (5th Cir. 1993)).

The present lawsuit includes both repetitive litigation of the same claims Marquez asserted against Smith, and a new claim against investigator Rene Flores that Marquez could have asserted in the prior lawsuit. His allegations in this suit all arise from the same common nucleus of operative facts asserted in the prior suit number 4:23-CV-026-O and are thus foreclosed from review in this proceeding as duplicative and under the traditional notions of *res judicata. See*

*generally Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sep. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action seeks to relitigate claims already decided against the *in forma pauperis* plaintiff or when the action seeks to raise claims that could have been brought on the same facts"); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002) (adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits). Thus, all of Plaintiff's claims under § 1983 in this suit thus must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i).

## CONCLUSION

It is therefore **ORDERED** that all of plaintiff Misael Nunez Marquez's claims under 42 U.S.C. § 1983 are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(i) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further **ORDERED** that to the extent Plaintiff asserts state law claims, those claims are **DISMISSED without prejudice** to his right to seek relief in state court.

**SO ORDERED** this **23rd day** of **January 2024**.

*(signature: Mark T. Pittman)*

Mark T. Pittman
UNITED STATED DISTRICT JUDGE